## In re BLACK.

### (District Court, N. D. California. November 1, 1899.)

### No. 2,936.

BANKRUPTCY—GROUNDS OF OPPOSITION TO DISCHARGE—FRAUD.

It is no ground for refusing a bankrupt's application for discharge that the debt of the creditor opposing such application was created by the fraud and false representations of the bankrupt. The effect of the discharge, if granted, upon any particular claim cannot be determined upon the petition for discharge, but only in an action for the enforcement of such claim, to which the discharge is pleaded in bar.

In Bankruptcy. On opposition to bankrupt's application for discharge.

Fisher Ames, for bankrupt.
Rosenthal & Wise, for opposing creditors.

DE HAVEN, District Judge. The bankrupt's application for discharge is opposed by Bier & Regensburger, creditors, upon the ground that her indebtedness to them was fraudulently contracted; the specific charge being that such indebtedness is for money loaned, and that such loan was obtained from them by means of certain false and fraudulent representations upon the part of the bankrupt.

The matters thus alleged in opposition to the discharge are not sufficient in law. The fraudulent contracting of a debt is not made, by section 14 of the bankruptcy act of 1898, a ground for refusing the bankrupt's application for a discharge. That section provides that the application shall be granted, unless the bankrupt has "(1) committed an offense punishable by imprisonment, as herein pro-

vided; or (2) with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained." This language is plain, and there is no escape from the conclusion that the court is not authorized to deny the application for discharge upon a ground not set forth in this section; and it is equally plain that fraud in the creation of a debt is not made by this section one of the causes for which a discharge shall be denied. The bankruptcy act provides (section 17) that a discharge shall not affect any debt created by the fraud of the bankrupt, but the question whether there was fraud in the creation of any particular debt is one which the court of bankruptcy is not authorized to adjudicate in passing upon the bankrupt's application for discharge. That question is one which can only be determined in an action by the creditor for the recovery of such debt when the discharge in bankruptcy is pleaded in bar. In such an action, and in answer to such plea, the creditor would have the right to show that the debt sued for was created by fraud, and therefore not affected by the discharge. In re Thomas (D. C.) 92 Fed. 912.

The petition for discharge is granted, the opposing creditors to pay the costs incident to the opposition filed.