## In re TODD.

(District Court, D. Vermont. December 12, 1901.)

BANKRUPTCY—DISCHARGE—FRAUDULENT INTENT.

That a bankrupt's interest in land is doubtful, and that, if it exists, it is, or may be, exempt as a homestead, are facts entitled to consideration on the question of his fraudulent intent in omitting to schedule such interest.

In Bankruptcy. On application for discharge and objections thereto.

Cook & Williams, for bankrupt.

Young & Young, for objecting creditors.

WHEELER, District Judge. The bankrupt's sister does not yet appear to owe him anything. She has not yet realized any money from the farm conveyed to her to be sold subject to the mortgage. The bankrupt's interest is in the farm obtained for it, which she has a right to sell, but which, till sold, may be a homestead. Exemptions are to go into schedules of bankrupts, as well as their other property; but that they are or are thought to be such is entitled to weight upon the intent to defraud, and the more so in this case, because of the doubtful nature of the right. The finding of the referee is conclusive of the want of clear criminality, and of the right to a discharge, to be entered on payment of the fees of the special reference, allowed at $20, one-half of which is allowed as costs against the objecting creditors.

Objections overruled, with $10 costs, and discharge granted, to be entered on payment of $20 referee's fees on special reference.

---

## In re SWIFT et al.

### HUTCHINSON v. DEE.

(Circuit Court of Appeals, First Circuit. December 6, 1901.)

### No. 372.

1. BROKERS—RELATIONS TO CUSTOMER—PURCHASE OF STOCKS ON MARGIN.

The usual relations between a broker and a customer, for whom he has purchased stock on a margin, are not those of pledgee and pledgor, but of parties to an executory contract for the sale and purchase of the stock, under which the broker is bound to deliver the stock purchased on demand and payment of the amount due thereon, and entitled to claim payment on a tender of the stock after reasonable notice to the purchaser.

2. BANKRUPTCY—PROVABLE CLAIMS—BREACH OF CONTRACT.

When a broker makes a general assignment, or is adjudged a bankrupt, a demand and tender are not necessary to enable the customer to assert a breach of the broker's contract; but, as an assignment may be only a temporary expedient to tide over the broker's difficulties, both parties may unite in regarding it as such, so that the customer may treat the subsequent bankruptcy as the breach, in the absence of any tender of performance by the trustee within a reasonable time. and, thereupon, the customer's damages will be determinable as of the date of the petition in bankruptcy.