## In re KOOTENAI MOTOR CO., Inc.
### No. 4082.

District Court, D. Idaho, N. D.
May 31, 1930.

See, also, 41 F.(2d) 399, 403.

W. D. Gillis, Atty. Gen., of Idaho, and Leon M. Fisk, Asst. Atty. Gen., for petitioners.

E. V. Boughton, of Coeur d'Alene, Idaho, and Lund & Dodds, of Spokane, Wash.; for objecting parties.

CAVANAH, District Judge.

The Spokane Merchants' Association, W. E. Chase, doing business as the Chase Engineering Company, Holly-Mason Hardware Company, Colyear Motor Sales Company, and the United States Rubber Company, objected to the application for discharge of the bankrupt, and after a hearing thereon the objections were overruled, and an order of adjudication made. At the time the petition of involuntary bankruptcy was filed, petitioning creditors applied for an order, which was granted, requiring the marshal to take possession of certain property, claimed to be the property of the bankrupt. During the pendency of the proceedings, certain expenses and costs were incurred as marshal's fees, storage, special master, witness, and stenographic fees, in the total sum of $430.13. Thereafter, on April 19, 1930, petitioning creditors, under the rules, made application to the clerk for the taxation of costs, and on April 28, 1930, objection to the allowance of costs was filed by objecting creditors. On May 3, 1930, the clerk taxed $430.13 as costs of petitioning creditors. An appeal was taken from the order of the clerk, which is here for review.

The power to award costs against creditors who file objections in opposition to a bankrupt's discharge is inherent in a District Court of the United States as a court of equity, and may be exercised in proper cases. Bragassa v. St. Louis Cycle et al. (C. C. A.) 107 F. 77; In re Guilbert (D. C.) 154 F. 676. Section 2, clause 18, of the Bankruptcy Act (11 USCA § 11(18), pro-

vides that the court may "Tax costs, whenever they are allowed by law, and render judgments therefor against the unsuccessful party, or the successful party for cause, or in part against each of the parties, and against estates, in proceedings in bankruptcy." Generally costs usually abide the event, and are given against the unsuccessful party, and in matters of discharge, the statute authorizes the court to tax costs against the unsuccessful party, or the successful party, or in part against each of the parties, and against estates in bankruptcy proceedings. Under the statute courts have often, where discharges were granted, taxed costs against opposing creditors. In re Black (D. C.) 97 F. 493; In re Fellows v. Freudenthal (C. C. A.) 102 F. 731; In re Marshall Paper Co. (C. C. A.) 102 F. 872; In re Todd (D. C.) 112 F. 315.

In this proceeding the opposing creditors finally failed to substantiate their specifications of objections in opposition to the bankrupt's discharge. The act of bankruptcy was conceded. . The only objection was that sufficient creditors in number did not sign the original petition, which was sustained by the court, but other creditors were allowed to join in the petition, resulting in there being then a sufficient number of creditors to make the petition valid. As opposing creditors were successful as to the original petition not containing a sufficient number of signers, and time was consumed in hearing before the court until April 15, 1930, before the matter of the discharge was disposed of, it would not now seem just to tax the costs against opposing creditors, because when they filed their objections to the original petition they were well taken and not frivolous, but made in good faith. And, further, the property placed in the possession of the marshal, and which has caused the incurring of $369.63 of the total costs, was immediately, upon the adjudication, surrendered to the purchaser who had purchased it prior to the filing of the involuntary petition, and the funds derived from such sale were then delivered to the trustee by the Spokane Merchants' Association. These facts bring the case under the principle recognized by the court in the case of In re Miers (D. C.) 193 F. 288, where the court held that costs should not be taxed against opposing creditors where the objections were not frivolous or vexatious, but made in good faith. So I am convinced that both the petitioning creditors and opposing creditors have acted in good faith in this proceeding, and that such costs incurred should be taxed against the bankrupt's estate, and accordingly the order of the clerk taxing costs is vacated, and the order of the court heretofore made on April 15, 1930, awarding costs to petitioning creditors, will be modified in respect to awarding of costs, and the trustee is directed to pay the same out of said estate.