In re KATZ.

No. 31145.

District Court, E. D. New York.

March 7, 1938.

George Reiss, of New York City (Benjamin B. Greller, of New York City, of counsel), for bankrupt.

Freiman & Brecher, of New York City, for objecting creditor.

MOSCOWITZ, District Judge.

These are two motions, one for an order confirming the report and supplementary report of the referee recommending that the bankrupt be discharged, and the other motion by the objecting creditor that the supplementary report of the referee be rejected and that the bankrupt be denied his discharge.

On July 12, 1937, the referee made a report herein recommending that the specifications of objections to the discharge of the bankrupt be dismissed and that the discharge of the bankrupt be granted.

A motion was made to confirm this report and an order was made by Judge Inch on August 6, 1937, referring the proceeding

back to the referee solely for the purpose of taking the testimony of one Sam Katz and Fanny Stall.

The referee has made a supplemental report ·dated January 18, 1938, after hearing the testimony of Sam Katz and Fanny Stall, in which he recommends that the discharge of the bankrupt be granted.

The specifications of objections are as follows:

"First: That the Bankrupt herein with the express purpose of concealing from his creditors and depriving his creditors of their legal rights to an apportionment of all his property and with intent to hinder, delay and defraud his creditors, knowingly and fraudulently omitted to specify and set forth in his Schedules of Bankruptcy as an asset a certain fruit and vegetable business located at 1314 39th Street in the Borough of Brooklyn, City and State of New York.

"The said Bankrupt attempted to accomplish the concealment of this asset by testifying that his mother-in-law Fannie Stark is the owner of the said business. That his wife Stella Katz carried the moneys deposited in her check account for the purposes of this business. That the name on the window of the said business was 'Katz' and that merchandise was delivered and billed to 'S. Katz'. The Bankrupt attempted to indicate that 'S. Katz' stood in some instances for Stella Katz, his wife and for Sam Katz, his brother, although in an examination in Supplementary Proceedings he testified that he was known as Sol Katz or Sam Katz.

"Second: That the Bankrupt herein, with intent to hinder, delay and defraud his creditors, knowingly, fraudulently, wilfully and maliciously swore falsely to material facts at his examination at the first meeting of creditors. That the said false swearing related to the ownershp of the fruit and vegetable store located at 1314 39th Street in the Borough of Brooklyn, City of New York.

"That the said false swearing likewise related to his lack of knowledge of the value of the said business."

 The court, ordinarily, will not disturb the finding of a referee upon the facts where the . credibility of witnesses is involved. In this case the bankrupt has not evidenced candor and truthfulness, and has not met the burden imposed upon him by the Bankruptcy Act, title 11 U.S.C.A. § 32(b) (7), which is as follows:

"Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The bankrupt failed to disclose the fact that he was the owner of the fruit and vegetable business located at 1314 39th street, Brooklyn, N. Y. He has concealed this asset from his creditors. His claim that his mother-in-law, Fanny Stall, purchased this fruit and vegetable business in 1933 has ·not been borne out by the facts. His testimony that he is not the owner of the business cannot be true in light of the following facts pointed out in the memorandum of law submitted by the attorney for the objecting creditor: ·

"1. The fact that the bankrupt Sol Katz is now employed by the alleged owner Fannie Stall at the said place of business;

"2. The electric light is registered in the name of Sam Katz;

"3. The telephone is listed in the name of S. Katz;

"4. The name on the window is Katz;

"5. The merchandise is purchased in the name of Sol Katz;

"6. Workmen's Compensation Insurance in the State Insurance Fund of the State of New York is issued to Sol Katz and Sam Katz, doing business as S. Katz;

"7. The application in the Standard Accident & Insurance Co., (for workmen's compensation) was executed by Sol Katz and Sam Katz, doing business as S. Katz;

"8. The fire insurance policy covering the place of business is in the name of Sam Katz;

"9. The records kept for the returns to the Social Security. Bureau indicate that the ownership of the business is in the name of S. C. Katz;

"10. The check account is maintained in the name of S. C. Katz; and

"11. Bills and statements are all mailed to Sol Katz."

And also the following facts pointed out·in the further memorandum of law submitted by the attorney for the objecting creditor:

"1. What explanation has been made for the destruction of the books?

"2. What kind of explanation has been made for the issuance of compensation insurance in the name of Sol Katz and Sam Katz as co-partners?

"3. How reasonable is the explanation of Sam Katz in connection with the fire insurance in his name, when viewed in the light of the testimony of the insurance broker and of the bankrupt's wife Stella C. Katz?

"4. What explanation was made for the failure to file an income tax report by any of these parties?

"5. What explanation was made for the fact that the ownership of the business is listed in the name of Stella C. Katz, in accordance with the Social Security records?

"6. Is there any satisfactory explanation made for the fact that the electric light is still registered in the name of Sol Katz; the telephone is listed in the name of Samuel Katz; the name on the window is Katz; merchandise is bought in the name of Sol Katz; bills and statements are rendered to Sol Katz; and the checking account is in the name of S. C. Katz?

"7. Has the bankrupt satisfactorily explained through his witness Fannie Stall why she paid a substantial consideration for a business which had no merchandise or fixtures and when she knew nothing of the business?

"There can be no satisfactory answers to the above questions."

This case is illustrative of many more of rampant perjury on the part of the bankrupt and his witnesses. The bankrupt is not entitled to be discharged. The motion to confirm the report of the Referee is denied.

Settle order on notice.