## In re KATZ.
### No. 31143.

District Court, E. D. New York.
March 22, 1938.

George Reiss, of New York City, for bankrupt.

Freiman & Brecher, of New York City, for Manhattan Produce Exchange, Inc.

MOSCOWITZ, District Judge.

This is an application made by Manhattan Produce Exchange, Inc., who successfully opposed the discharge of the bankrupt, for an order directing the bankrupt to pay the following disbursements incurred by the creditor in opposing the bankrupt's application for discharge:

| | |
|---|---|
| "Stenographer's Minutes | $89.50 |
| Referee's fees | 55.00 |
| The following subpoenas were served and subpoena fees were given to these witnesses:— | |
| Guzzi (twice) | |
| Caella | |
| Martallo & Shapiro | |
| Yecks | |
| Standard Accident & Insurance Co. | |
| Augusta Emil | |
| State Insurance Fund (twice) | |
| Brooklyn Edison Company | |
| New York Telephone Company | 30.00 |
| Photostatic copies of records | 2.11 |
| | $176.61." |

This court in reversing the order of the referee recommending the discharge of the bankrupt, in its opinion filed March 7, 1938,

432

23 F.Supp. 429, used the following language:

"This case is illustrative of many more of rampant perjury on the part of the bankrupt and·his witnesses. The bankrupt is not entitled to be discharged."

■ This is a wanton and willful effort on the part of the bankrupt to avoid the payment of his just obligations by procuring his discharge in bankruptcy. If it were not for the prosecution of the specifications of objections by the Manhattan· Produce Exchange, Inc., the bankrupt would have been successful in discharging his obligations. Certainly, this creditor is entitled to be compensated for his disbursements in opposing the discharge. In Re Kootenai Motor Co., Inc., D.C., 43 F.2d 462, the court decided:

"The power to award costs against creditors who file objections in opposition to a bankrupt's discharge is inherent in a District Court of the United States·as a court of equity, and may be exercised in proper cases. Bragassa v. St. Louis Cycle et al. (C.C.A.) 107 F. 77; In re Guilbert (D.C.) 154 F. 676. Section 2, clause 18, of the Bankruptcy Act (11 U.S.C.A. § 11(18), provides that the court may 'Tax costs, whenever they are allowed by law, and render judgments therefor against the unsuccessful party, or the successful party for cause, or in part against each of the parties, and against estates, in proceedings in bankruptcy.' Generally costs usually abide the event, and are given against the unsuccessful party, and in matters of discharge, the statute authorizes the court to tax costs against the unsuccessful party, or the successful party, or in part against each of the parties, and against estates in bankruptcy proceedings. Under the statute courts have often, where discharges were granted, taxed costs against opposing creditors. In re Black (D.C.) 97 F. 493; Fellows v. Freudenthal (C.C.A.) 102 F. 731; In re Marshall Paper Co. (C.C.A.) 102 F. 872; In re Todd (D.C.) 112 F. 315."

In Re Simon, D.C., 279 F. 794, the court decided:

"These are petitions for the allowance of disbursements and for counsel fees to a creditor who alone prosecuted successfully objections to the discharge of the bankrupt. It is objected that there is no power to make such orders, and, if there be such power, it ought not to be exercised.

"Simon was a fraudulent bankrupt, who, although not entitled to his discharge, prosecuted his petition for it. No question concerning the estate is involved. As between the bankrupt and the creditor, I see no reason why the usual rule should not be applied, and the costs of the proceeding taxed against the losing party, and I think that the court has power to award them. In Bragassa v. St. Louis Cycle (C.C.A. 5th Cir.) 107 F. 77, 46 C.C.A. 154, it was held that the taxation of costs against a bankrupt whose petition for discharge was denied was correct. 'As the costs were legitimately incurred, we see no other way than to tax the same to the losing party.' Pardee, J., 107 F. [77] 80, 46 C.C.A. [154] 157. See, also, to the same effect, In re Wolpert, 1 A.B.R. 436. The same result was reached under the act of 1867 (14 Stat. 517). In re Holgate, Fed.Cas.No.6,601.

"The petitioner is allowed as costs such actual and necessary disbursements in the proceeding as would be taxable in equity."

See, also, Bragassa v. St. Louis Cycle, 5 Cir., 107 F. 77.

■ To decide that a creditor is not entitled to be reimbursed for disbursements incurred in successfully opposing the discharge of the bankrupt under the circumstances disclosed in this case would thwart justice and discourage creditors from opposing the applications for discharges by dishonest bankrupts. The purpose of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is to help and to aid honest bankrupts and not to lend aid and assistance and encouragement to dishonest ones.

The creditor, Manhattan Produce Exchange, Inc., will be allowed the sum of $176.61 disbursements incurred and actually expended by it in opposing the bankrupt's discharge.

Order signed.