**BERRY et al. v. ROOT et al.**

No. 11174.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1945.

Rehearing Denied May 17, 1945.

Miller Walton and Edwin L. Hubbard, both of Miami, Fla., for appellants.

Ralph M. Ketcham and Olin E. Watts, both of Jacksonville, Fla., for appellee C. J. Root.

W. Terry Gibson, of West Palm Beach, Fla., for appellee Fiduciary Counsel, Inc., and Augustus T. Ashton.

D. H. Redfearn, Ira C. Haycock, and Morton B. Adams, all of Miami, Fla., for appellee City of Coral Gables.

Roger Edward Davis, of Miami, Fla., for appellee Parker Maxwell.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

This is an effort by attorneys to obtain an allowance by the bankruptcy court for fees for defeating a municipal bankruptcy proceeding, to be charged proportionately against all creditors benefitted thereby.

A municipal composition of bonded indebtedness under Chapter 9 of the Bankruptcy Act, 11 U.S.C.A. § 401 et seq., was undertaken by City of Coral Gables, whereby new bonds for less amounts would have been issued. The plan was opposed by American National Bank of Nashville, through its attorney at law Frank Berry, by Ed. C. Wright through his attorney at law Miller Walton, and by C. J. Root, Augustus T. Ashton and Fiduciary Counsel, Inc., through their counsel. There were other bondholders who did not consent but did not actively oppose, and $42,000 of bonds whose owners were unknown. All the bonds were of the same class, though some of the active litigants had obtained judgments and mandamuses for the levy of taxes to pay their several judgments. The opposition was unsuccessful in the district court, where an interlocutory decree of

confirmation was entered. The active litigants discussed a cooperative appeal on a basis of proportionate sharing of fees and expenses, but Root did not agree, and did not appeal. Ashton and Fiduciary Counsel, Inc., entered separate appeals, but on learning that the Bank and Wright would perfect their several appeals did not perfect their own, nor participate in the Circuit Court of Appeals. That court sustained Wright's appeal, but did not sustain the Bank's, held that the plan was not lawful, and reversed the decree of confirmation, with costs of appeal to Wright against the City, including a docket fee of $20. Wright v. City of Coral Gables, 5 Cir., 137 F.2d 192. The City obtained a certiorari from the Supreme Court. The attorneys Berry and Walton defended the certiorari and counsel for Fiduciary Counsel, Inc., was permitted to file a brief as amicus curiae. The Supreme Court affirmed the judgment by an equally divided court; City of Coral Gables v. Wright, 321 U.S. 753, 64 S.Ct. 779, 88 L.Ed. 1053, and denied a rehearing, 322 U.S. 768, 64 S.Ct. 941, 88 L.Ed. 1594, awarding costs to Wright against the City, including the usual attorney's docket fee of $20. There being no lawful plan, Root, Ashton and Fiduciary Counsel, Inc., as well as Wright and the Bank, moved the dismissal of the composition proceeding, but before the entry of the judgment dismissing the case and awarding Wright his judgment against the City for costs of appeal and certiorari totaling $3,199.08, besides $40 for attorney's docket fees, all of which was forthwith paid, Berry and Walton filed a petition for an allowance as in equity of a reasonable attorney's fee for their labors in defeating the bankruptcy and preserving the bonds at their face amount, the fee to be charged proportionately against each bondholder benefitted, the City to be required to pay the several amounts so charged into court, as it became able to pay, instead of paying it over to the respective bondholders. The above recited facts were alleged in the petition. On motions to dismiss made by Root, Ashton and Fiduciary Counsel, Inc., and the City, an amendment was offered which stated that no contracts for fixed fees had been made by petitioners with Wright but he had paid some unstated amounts, less than a reasonable fee, and had agreed with the attorneys that he be considered as settled with and discharged from further liability, and that the attorneys should on their own account seek further payment through

the court; and the petitioners recognized that what Wright had paid should be credited upon the reasonable fee to be fixed by the court for the whole service.

The district judge thought the amendment added no strength to the petition and disallowed it. He then dismissed the petition because the facts alleged did not show a right to a fee allowance on equitable principles, and because the court as a court of bankruptcy had no authority to make such an allowance. From both judgments this appeal is taken.

The true question is whether the court of bankruptcy may and should award a fee to the counsel of one creditor who obtains the dismissal of the bankruptcy proceeding, and assess the fee proportionately against all the creditors of the same class with equitable garnishments against the debtor to pay the several assessments. While a court of bankruptcy often applies equitable principles, and may sometimes entertain a controversy in equity arising out of the bankruptcy in which it will follow the precedents and practice of a court of equity, yet as respects the original bankruptcy proceeding it is not strictly a court of equity, but a statutory court created by the Bankruptcy Act, and governed by it. As to that proceeding the Act of 1898 has not adopted the equity precedents and practices as to costs, including costs as between attorney and client, commonly called an allowance of attorney's fees. The original Act and all its amendments and expansions have dealt specifically with the costs and attorney's and other fees to be allowed, and have dealt jealously with them. The fees allowable for services in each kind of bankruptcy proceeding have been provided, and expressly or by implication others are excluded. We know of no provision and no precedent for allowing a fee, assessed against all benefitted, for service in dismissing any form of bankruptcy proceeding. In ordinary bankruptcy such a fee is provided for successful petitioning creditors, payable out of the estate as a priority debt. 11 U.S.C.A. § 104. None is provided for successful resistance of the petition whereby all creditors retain their claims as they were. Even when the bankruptcy is carried on to a conclusion, but a discharge is denied because of the efforts of one creditor benefitting all, we do not know of any authority to enforce contribution by all creditors to the fee of one, though of course the trustee's attorney may be paid

as part of "the trustee's expenses in opposing the bankrupt's discharge." Section 104.

In the form of bankruptcy here involved, a proceeding by a municipality for composition of its debts, under Chapter 9, the statute carefully defines the attorney's fees that may be allowed, to be provided for in the plan of composition, 11 U.S.C.A. § 403, sub. b. None other can be allowed. Lea v. Patterson Saving Inst., 5 Cir., 142 F.2d 932. All these fees are for assistance in working out and securing the adoption of a plan of composition. No sort of fee is provided for opposing and wholly defeating it. Since in a municipal composition case there is no estate or fund before the court, except what the plan may provide, it is not practical to assess one. Indeed, it would generally be hard to determine whether the defeat of a plan acceptable to the majority, as here, was beneficial to creditors, or not. We understand, though it is not alleged, that because of improvement in general conditions in Florida and in the financial position of the City pending the litigation, the creditors will collect their unscaled bonds in full; but this benefit is not really due to the attorney's services so much as to the adventitious improvement in the City's finances.

It is argued that the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a (18), gives expressly general jurisdiction to the court of bankruptcy to "tax costs and render judgments therefor", and that attorney's fees such as are here claimed are in equity parlance "costs between attorney and client", as distinguished from the usual costs between party and party. We do not think the statute used the word "costs" in that sense, but had reference to the costs fixed in the Act itself and to the usual cost allowances fixed in other applicable statutes and by the rules of the appellate courts. The Act often speaks of attorney's fees, and "costs and expenses" of successfully active creditors, as being other or more than "costs".

In the narrow sense the mandates of each appellate court awarded Wright his "costs of appeal", and these costs included $20 docket fee to his counsel in each court, but no more. He was given judgment in the bankruptcy court for these costs, and they have been paid.

The amendment of the petition stating the petitioners had settled with their client, Wright, under agreement that they might pursue in their own name their claim for more fees, does not help their case. The true theory of requiring other parties to a case to help pay the attorney's fee of the party whose activity has benefitted them, is that such a sharing of the burden is the equitable right of the party. It ought to be enforced in the name of the party, and include all other expenses necessary to the litigation. Except where the law provides for a fee to be paid to the attorney, according to the better rule the attorney ought not to proceed for the contribution in his own name, but in the name and right of his client. These attorneys by releasing their client who employed and primarily owes them certainly do not strengthen their claim against others who did not employ them and ordinarily would owe them nothing, though benefitting by their services. 5 Am.Jur., Atty. and Client, § 154, 155.

Much reliance is placed by appellants on Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. The case is not applicable. There was no bankruptcy. The assets of the bank were in court through a receiver. Sprague successfully maintained the existence of a trust on certain assets to secure depositors like herself. She herself sought to have these other depositors contribute from the trust fund towards her costs and expenses in vindicating the common right. The decision was that a court of equity could entertain her application. We held this case not controlling in bankruptcy in Lea v. Patterson Savings Inst., 5 Cir., 142 F.2d 932.

Young v. Higbee Co. et al., 65 S.Ct. 594, which is also relied on by appellants, does not help them, because it relates not to attorney's fees, but to the substantial rights of the parties to a reorganization. The bankruptcy court there was collecting assets and distributing them under an adopted plan of reorganization. It did not dismiss the proceeding.

More nearly analogous are the decisions in cases of corporate reorganization in bankruptcy, where, although the court had assets before it, it was held the provision for fees in such proceedings are not intended to apply where the services of counsel do not produce or aid in producing a plan, but result in a dismissal of the proceedings. See Oakland Hotel Co. v. Crocker Bank, 9 Cir., 85 F.2d 959; In re Nine North Church St., Inc., 2 Cir., 89 F.2d 13; Sartorius v.

948

Bardo, 2 Cir., 95 F.2d 387; In re Forty-One Thirty-Six Wilcox Bldg., Inc., 7 Cir., 100 F.2d 588.

We find no precedent or authority for a court of bankruptcy, with no estate before it, to assess money contributions against creditors as a personal liability to pay attorneys employed by other creditors for defeating the bankruptcy proceeding.

Judgment affirmed.