**GELSON v. RUDIN et al.**
**No. 81, Docket 22472.**

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1952.

Decided Nov. 7, 1952.

Honour B. Gelson, pro se, appellant.

Lucien Nemser, pro se, appellee.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The bankruptcy court had jurisdiction to fix the allowances and disbursements. It also had jurisdiction to condition an order to vacate the adjudication and to dismiss the voluntary petition on payment of such sums. See Bankruptcy Act, § 59, sub. g;[1] 3 Collier, Bankruptcy (14th ed.) p. 631; Matter of Lavine, D.C., 20 F.Supp. 362; In re Salaberry, D.C., 107 F. 95; In re Riordan, 7 Cir., 95 F.2d 454. But, with one exception, the Act confers no power to order the bankrupt to pay such items other than as such a condition. Consequently, the orders on appeal are clearly invalid, except as noted in the next paragraph of this opinion.

Subdivision a(18) of § 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(18), authorizes the bankruptcy court to "[t]ax costs and render judgments therefor against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this title; * * *." In several cases it was held that this provision authorizes the taxing against the bankrupt personally of the expenses (not including attorney's fees)[2] of the trustee or creditors in successfully opposing a

---

1. 11 U.S.C.A. § 95, sub. g.

2. See Berry v. Root, 5 Cir., 148 F.2d 945, 947.

bankrupt's discharge. See Bragassa v. St. Louis Cycle, 5 Cir., 107 F. 77, 80; In re Simon, D.C.Mass., 279 F. 794; In re Kyte, D.C.Pa., 189 F. 531, 532; In re Katz, D.C. E.D.N.Y., 23 F.Supp. 431, 432.[3] Cf. 3 Collier, supra, p. 2105. The reason given in these cases for assessing such costs against the bankrupt was that they could not be validly ordered to be paid out of the estate. With that reason we do not agree, since subdivision a(18), above quoted, specifically provides that the bankruptcy court may tax costs "against estates." By the 1938 amendment, § 64, sub. a, 11 U.S.C.A. § 104, sub. a, was amended to provide that there should be paid out of the estate in class (1) "the costs and expenses of administration, including the trustee's expenses in opposing the bankrupt's discharge, * * *" and in class (3) "the reasonable costs and expenses" of "creditors in obtaining" a "refusal" of the bankrupt's discharge. This change gives such items priority as against the estate. But this does not mean that the court may not assess such costs against the bankrupt; and it is peculiarly appropriate that they shall be so assessed where there are no funds in the estate to pay them.

We do not pass on the liability of any of the parties to the "stipulation," for such liability must be asserted in a suit on that stipulation. Nor do we consider an order, not appearing in the record, said to have been entered *ex parte* on the bankrupt's motion and while this appeal was pending, which vacated the adjudication and dismissed the petition. Nothing we have said is to be taken as precluding a motion to vacate such order, if any, and to substitute an order making dismissal conditional upon the bankrupt's payment of the fees and disbursements referred to in the order of June 2, 1952.

 Modified by striking the provision in each order which directs the bankrupt to pay or cause to be paid anything other than the expenses of the objecting creditor.

3. These decisions were rendered before the 1938 amendment of § 64, sub. a. In re Nichols, D.C.E.D.Mo., 53 F.Supp. 4, 10, was decided in 1944 but does not discuss the 1938 amendment.