Honour B. GELSON, Petitioner-Appellant,

v.

Lucien NEMSER, Respondent-Appellee.

No. 315, Docket 23561.

United States Court of Appeals
Second Circuit.

Argued May 6, 1955.

Decided May 20, 1955.

Honour B. Gelson, Brooklyn, N. Y., appellant, pro se.

Lucien Nemser, New York City, appellee, pro se.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

CLARK, Chief Judge.

Petitioner-appellant contests the accuracy of the district court's interpretation of our mandate on a prior appeal in this case. Gelson v. Rudin, 2 Cir., 200 F.2d 31. In there reversing in her favor, we held that, apart from the possible effect of incorporation of a stipulation by the parties to pay costs in the consent dismissal of appellant's bankruptcy proceedings, only the objecting creditor was entitled to recover his expenses. On the remand, respondent-appellee, as attorney for the objecting creditor, was awarded $170.65, minus $25 for appellant's costs on the appeal. The $170.65 was the same amount that had been previously fixed for appellee's disbursements after hearings before a bankruptcy referee pursuant to appellant's show cause order in connection with her successful efforts toward vacation of her adjudication of bankruptcy. Judge Rayfiel refused to vacate this award, even though the actual decree of dismissal, two months after the original award of costs, made no explicit

mention of any allowance of expenses. In the Matter of Gelson, D.C.E.D.N.Y., 124 F.Supp. 356. This appeal ensued.

 The appellee is clearly entitled to those disbursements attributable to the objecting creditor. Our decision was not contingent upon express incorporation of this amount in the decree, so that the subsequent litigation about the decree, on which appellant relies, is irrelevant. Nor is there merit in other objections raised by appellant, chiefly relying upon lack of specific reference to this allowance in some of the other papers in the several parallel proceedings involving this small, but—perhaps for that reason—confused, matter. We do note a possible question whether all of the $170.65 of appellee's disbursements were on behalf of the objecting creditor, since he also served as counsel to the bankruptcy trustee. Judge Rayfiel originally distinguished between the two functions that appellee was serving, allocating $6.35 to the trusteeship and $164.30 to the objecting creditor. But this order was resettled, before the prior appeal, perhaps because it was impossible to distinguish which services had been performed for whom, and the $170.65 was given to appellee for both roles in one lump sum. On the settlement—after our decision allowing only the objecting creditor's expenses—the clerk required a statement of these expenses, which appellee furnished and the judge approved in the same sum of $170.65. Although appellant twice attempted a resettlement of this order, it was on the ground that she was not obligated to pay any expenses at all; and we cannot find that either below or here she ever objected that some, presumably $6.35, were expenses other than for the objecting creditor. Obviously under the circumstances it would be difficult to separate the expenditures; and the factual determination made in the ultimate order below seems not unreasonable, even though the earlier records suggest that the expenses of trustee and creditor had been lumped together. And since appellant did not seek a review and reallocation below, we see no reason to question the result, even though we normally tend to make our review extensive for a litigant who conducts her own case.

Affirmed.