**In re JOHN VIVIANE & SON, Inc., Bankrupt.**

United States District Court
S. D. New York.

July 1, 1955.

**634**

I. Arnold Ross, New York City, for trustee in bankruptcy.

Peter Campbell Brown, Corp. Counsel, New York City, for City of New York.

James R. Curreri, New York City, for respondent Barbara Viviani.

Nathan L. Goldstein, Joseph Z. Goldstein, New York City, respondents in person.

DIMOCK, District Judge.

Bankrupt filed a voluntary petition and schedules and was adjudicated bankrupt on March 20, 1936 and on that day the case was referred to Hon. Robert R. Stephenson, Referee in Bankruptcy. Because neither bankrupt nor any of his creditors came forward with indemnity necessary for the expenses of the proceeding the Referee, on December 3, 1936, filed a certificate closing the case. See 11 U.S.C. § 11(a) (8). In January, March or June 1952 bankrupt conveyed a certain parcel of realty, which he had included in his schedules as an asset, to one Barbara Viviani. The deed was duly recorded. Title to the property was taken by the City of New York on April 15, 1953 and thereafter, in a condemnation proceeding instituted in the Supreme Court to award to its owner the fair value of the parcel, Barbara Viviani retained Nathan L. and Joseph Z. Goldstein, Esqs. as her attorneys. The Supreme Court, on or about December 2, 1954, entered its decree making an award for the parcel to Barbara Viviani. Thereafter the City of New York paid out of the award an amount due to itself for demolition of the property and the full amounts due to three mortgage lienors. The attorneys Goldstein instituted a proceeding in the Supreme Court seeking an order directing the City to pay a portion of the award to them in satisfaction of their attorneys' lien. On application of bankrupt the bankruptcy proceeding was reopened and referred to Referee Stephenson on February 8, 1955. The first meeting of creditors was noticed for March 29, 1955 but none appeared and, on his own motion, the Referee, on April 5, 1955, appointed a trustee. Prior to this appointment there had never been a trustee.

By order to show cause the trustee brought on the present petition seeking a determination (1) that he had "had title to the real property and personal property [trade fixtures] in question since March 20, 1936", (2) that bankrupt's conveyance to Barbara Viviani was void and (3) that any agreement between Barbara Viviani and the attorneys Goldstein with respect to legal fees for their services in the condemnation proceeding was void and an order (1) directing the Comptroller of the City of New York to pay all funds payable to the owner of the parcel in question to the trustee rather than to Barbara Viviani, (2) enjoining the attorneys Goldstein from continuing their Supreme Court proceeding and (3) directing that the claims of all parties relative to said property be ad-

dressed to this court in summary proceedings.

■ Answers to the petition were interposed by Barbara Viviani, the attorneys Goldstein, and the City of New York. Since the pleadings raise no material issue of fact there is no need to refer this matter to a Referee in Bankruptcy for determination.

The petition revolves around the trustee's contention that debtor's conveyance to Barbara Viviani was void. I find him in error in this contention and so there is no need to consider any other points raised by the petition.

Briefly the trustee's argument is as follows: The adjudication in March, 1936 had the result of placing all property owned by bankrupt on that date in the custody of the court and was a caveat to all of the world. The closing order did not have the effect of revesting a beneficial title in this property in bankrupt. Thus in 1952 bankrupt could not convey beneficial title to the parcel at issue without permission of the court. No such permission was obtained. When the trustee was appointed in 1955 title to bankrupt's property became vested in the trustee as of the date of the petition, citing McLendon v. Hyman, D.C.E.D.S. C., 37 Am.Bankr.Rep.,N.S., 438.

■ We may assume that the trustee is correct in contending that upon the adjudication bankrupt's property came into the custody of the court and that the closing order did not have the effect of revesting beneficial title to this property in bankrupt. The parcel of realty involved here was listed by bankrupt as an asset on his schedule filed with the voluntary petition. Bankrupt's sale of the parcel followed his voluntary petition by about sixteen years and the closing order by about nine months less. Respondent alleges and the trustee does not deny that, at the time of the conveyance, all of bankrupt's prepetition creditors had been satisfied except for three creditors whose claims were secured by mortgages on the parcel conveyed. The trustee concedes that property abandoned by a trustee revests in the bankrupt. If there had been a trustee appointed in 1936 and if he had failed to exercise any power over it prior to his final accounting then it would be clear that the trustee had abandoned the parcel sometime before bankrupt purported to convey it, if not at the moment that he permitted the estate to be wound up and himself discharged. See Matter of Lighthall, D.C. N.D.N.Y., 221 F. 791, where it was held that the trustee's failure to exercise dominion over a chose in action prior to closing was not an abandonment where the claim was of no value during the period of administration and where unsatisfied creditors' claims were still outstanding.

■ Does it make any difference that here there was no trustee who can be said to have abandoned the property? I think not. The creditors themselves abandoned the property. During all of the sixteen years any one of them might have effected a reopening. See 1 Collier on Bankruptcy, 14th Ed., par. 2.50, pp. 252–254. Doubtless more must be shown to justify a holding of abandonment by creditors than by a trustee but here the evidence seems conclusive. Nothing but an explicit legislative command would make me turn over property to a trustee in bankruptcy, where the property had been listed as part of the bankrupt's estate, where the estate had been closed sixteen years ago and where all of the creditors had been paid.

The petition is denied and the injunctions contained in the order to show cause are vacated.