John O. ENGLAND, Trustee of the Estate of J. J. Kimble, Bankrupt, Appellant,

v.

AMERICAN TRUST COMPANY, Appellee.

No. 16200.

United States Court of Appeals Ninth Circuit.

May 6, 1959.

Stanley M. McLeod, San Francisco, Cal., for appellant.

Brobeck, Phleger & Harrison, Howard J. Finn, David W. Lennihan, San Francisco, Cal., for appellee.

Before POPE, HAMLIN and JERT-BERG, Circuit Judges.

JERTBERG, Circuit Judge.

The sole question presented on this appeal is: Is a creditor of a bankrupt estate entitled to reimbursement of his costs and expenses incurred in obtaining the refusal of the bankrupt's discharge where the creditor did not first request the trustee of the bankrupt estate to oppose the bankrupt's discharge and did not request or obtain authority from the referee to do so.

The facts are not in dispute. The bankrupt had given a financial statement to the appellee for the purpose of securing a loan. After examination in the bankruptcy proceedings, it appeared that such statement was in some respects false. Appellee thereupon caused specifications of objections to bankrupt's discharge to be filed and after hearing thereon the referee refused to grant discharge.

Appellee did not, before filing such objections, either request appellant trustee to do so, nor did it seek permission from the referee to file such objections.

In the process of successfully opposing the bankrupt's discharge appellee incurred an obligation for attorneys' fees and costs, and filed its proof of claim therefor with the referee. Appellant filed objections for the allowance of such claim, which objections were sustained by the referee.

On petition for review of the order, the District Court held that the appellee was entitled to reimbursement from the bankrupt estate for reasonable attorneys' fees and costs, and directed the referee to fix reasonable compensation for the services of appellee's attorneys. The referee fixed the sum of $250 as reasonable compensation for such services. On petition for review of said order the District Court ordered said sum to be paid to appellee.

The appellant appealed to this Court from both orders of the District Court.

Prior to 1938 a creditor had no statutory right to obtain reimbursement for expenses incurred in obtaining refusal of a bankrupt's discharge, since the language of the Act was as follows: "64(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) where the confirmation of the composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors in opposing such composition." 44 Stat. 666, C. 406, § 15.

In 1938 former Section 64, sub. b(4) was renumbered 64, sub. a(3), [11 U.S. C.A. § 104], and amended to read as follows: "Section 64a(3). The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (3) Where the confirmation of an arrangement or wage-earner plan or the bankrupt's discharge has been refused, revoked, or set aside upon the objection and through the efforts and at the cost and expense of one or more creditors, or, where through the efforts and at the cost and expense of one or more creditors, evidence shall have been adduced resulting in the conviction of any person of an offense under Chapter 9 of Title 18, of the United States Code, the reasonable costs and expenses of such creditors in obtaining such refusal, revocation, or setting aside, or in adducing such evidence."

Under the 1938 amendment the discretion previously vested in the bankruptcy court to determine whether claims for reimbursement of the character described in Section 64, sub. b(4) should be allowed was eliminated, and a statutory right of creditors to be reimbursed for expenses incurred in successfully opposing the discharge of the bankrupt added.

Appellant concedes that if appellee had requested the trustee to oppose the discharge and if the trustee had refused to do so that appellee would then have been free to proceed and would have become entitled to reimbursement from the estate for its efforts in successfully opposing the bankrupt's discharge. Appellant further concedes that if the trustee had successfully opposed the bankrupt's discharge the trustee would have been entitled to reimbursement from the estate for his reasonable expenses in doing so.

The only decision relating to the 1938 amendment which has been called to our attention is Gelson v. Rudin, 2 Cir., 1952, 200 F.2d 31. The issue was whether expense of a creditor incurred in obtaining refusal of a discharge could be assessed against the bankrupt. The court held that it could. The court distinguished decisions prior to the amendment which had held that the expense incurred by a creditor in obtaining refusal of a discharge could be so assessed on the ground that such costs could not validly be paid out of the estate, saying at page 33:

"By the 1938 amendment, § 64, subd. a, * * * was amended to provide that there should be paid out of the estate * * * in class (3) 'the reasonable costs and expenses' of 'creditors in obtaining' a 'refusal' of the bankrupt's discharge. *This change gives such items priority as against the estate.*"

Appellant contends that the orders appealed from should be reversed because:

(1) It is the duty of the trustee to object to the bankrupt's discharge and a creditor cannot be reimbursed for expenses in performing a duty of the trustee.

(2) Refusal of the bankrupt's discharge results in no benefit to the estate.

(3) The referee's "supervisory power" precludes reimbursement for expenses incurred without the prior approval of the referee.

In considering the first ground, we note that Section 47, sub. a(9) of the Act [11 U.S.C.A. § 75, sub. a(9)] provides:

"§ 47a * * * Trustees shall (9) oppose at the expense of estates the discharge of bankrupts when they deem it advisable to do so; * * *".

Section 14, sub. b of the Act [11 U.S. C.A. § 32, sub. b] provides:

" * * * [T]he court shall make an order fixing a time for the filing of objections to the bankrupt's discharge, notice of which order shall be given to all parties in interest as provided in § 58 of this Act. * * * [T]he court shall hear such proofs and pleas as may be made in opposition to the discharge, by the trustee, creditors, the United States Attorney, or such other attorney as the Attorney General may designate, at such time as will give the bankrupt and the objecting parties a reasonable opportunity to be fully heard."

Section 58, sub. b of the Act [11 U.S. C.A. § 94, sub. b] provides:

"58b. The court shall give at least thirty days' notice * * * of the last day fixed by its order for the filing of objections to a bankrupt's discharge (1) to the creditors, in the manner described in subdivision a of this section; (2) to the trustee and his attorney * * * and (3) to the United States Attorney * * * The court shall also give at least thirty days' notice * * * of the time and place of a hearing upon objections to a bankrupt's discharge (1) to the bankrupt * * * ; (2) to the bankrupt's attorney * * * ; and (3) to the objecting parties and their attorneys, * * * ".

■ It is clear from the foregoing sections of the Act that (1) both the creditors and the trustees may oppose the granting of a discharge; (2) neither the trustees nor the creditors are obligated to do so; and (3) whoever does so is invited to a hearing and to offer proof which the bankruptcy court is required to hear and pass upon. Under these sections a creditor who objects to the discharge does not intrude upon the func-

tions of the trustee or perform his duties. Such a creditor responds to an invitation required to be given by the Act, with the assurance likewise given to him by the Act that if his objections are successful he will be reimbursed for his reasonable expenses.

■ With respect to the second ground, it is clear that benefit to the bankrupt estate is immaterial, although it appears to us that the refusal of a discharge to a dishonest bankrupt is a benefit.

■ In passing upon appellant's third ground, we need only say that if "the supervisory powers" of the referee have been changed, such change was made by Congress. The referee formerly had discretion to determine whether or not to allow claims filed under § 64b(4), the predecessor of § 64, sub. a(3). Congress intentionally removed this discretion.

The orders appealed are and each of them is affirmed.