### In re HIGGIN MFG. CO.
#### No. 3187.

District Court, E. D. Kentucky.
April 2, 1937.

James M. De Camp, of Cincinnati, Ohio, for Louis D. Woodrough.

Matt Herold, of Newport, Ky., for American Nat. Bank of Newport, Ky.

FORD, District Judge.

This proceeding was initiated on May 24, 1935, by a petition for reorganization filed by the Higgin Manufacturing Company, debtor, under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

Efforts to consummate a plan of reorganization having failed, the debtor was adjudged insolvent and, as authorized by subdivision (k) of section 77B (11 U.S.C.A. § 207 (k), the case was referred to Hon. Webster Helm, referee in bankruptcy at Newport, Ky., to take such further proceedings as are required by the Acts of Congress relating to bankruptcy.

Under the supervision of the referee, all assets have been sold and the proceeds await distribution.

Horace C. Drake, as trustee for the debtor, operated the business from May 25, 1935, to November 20, 1935, for which he was allowed compensation at the rate of $50 per week, aggregating $1,275. He has filed a petition seeking additional compensation to the extent of $1,275.

Benton, Benton, Smith & Luedeke, attorneys for the debtor-bankrupt, and for Drake, as trustee, petition for allowances in the sum of $1,500 for services rendered to the bankrupt, and $4,000 for services rendered to the trustee.

Judge Matt Herold, attorney for the American National Bank of Newport, trustee for the holders of bonds secured by a mortgage on the property of the bankrupt, filed a petition seeking to be allowed the sum of $1,000 as compensation for services rendered in bringing about the adjudication of insolvency resulting in liquidation of the estate under the general bankruptcy laws, which was vigorously opposed by the debtor.

James M. De Camp seeks $6,000 as compensation for services rendered Louis D. Woodrough, successor to Drake as trustee.

On March 12, 1937, the referee entered an order declining to allow the petitioner Horace C. Drake any additional compensation. He allowed Benton, Benton, Smith & Luedeke $500 for services rendered the bankrupt and $1,500 for services rendered Horace C. Drake, as trustee; Judge Matt

Benton, Benton, Smith & Luedeke, of Newport, Ky., for Higgin Mfg. Co. and Horace C. Drake.

Herold $350 for services rendered in the interest of the general estate, and James M. De Camp the sum of $1,750 for services to Woodrough, trustee, in addition to his expenses of $72.80.

Contending that the action of the referee provides inadequate compensation for the services rendered, each of the claimants has filed a separate petition for review of the order in respect to the allowances made to them, respectively, urgently insisting that the court should disapprove the action of the referee and make additional allowances to each of them.

■ The questions presented by the petitions for review must be considered in the light of the policy of the Bankruptcy Act (11 U.S.C.A.) which was framed in a spirit of strictest economy. The utmost solicitude to guard against extravagance in allowances and other expenses of administration is clearly manifest in the words of the act, and it is the duty of the court and the referee to administer the act in conformity with that purpose. Remington, § 2632; In re J. W. Harrison Mercantile Company (D.C.) 95 F. 123.

In the case of In re Gilbert, 276, U.S. 294, 296, 48 S.Ct. 309, 310, 72 L.Ed. 580, the Supreme Court, speaking through Chief Justice Taft, said: "We were desirous of making it clear by our action that the judges of the courts, in fixing allowances for services to court officers, should be most careful, and that vicarious generosity in such a matter could receive no countenance."

In the more recent case of Realty Associates Securities Corporation et al. v. O'Connor et al., 295 U.S. 295, 55 S.Ct. 663, 665, 79 L.Ed. 1446, the Supreme Court denounced extravagant costs of administration in the winding up of estates in bankruptcy and, in no uncertain terms, admonished bankrupt courts not to forget that Congress in the enactment of the present Bankruptcy Act (11 U.S.C.A.) "meant to hit the evil of extravagance, and that the meaning of its words, if doubtful, must be adapted to its aim."

■ It seems clear that when a case originating under section 77B passes into the hands of the referee pursuant to subdivision (k) (5), 11 U.S.C.A. § 207 (k) (5), all allowances of debts having priority are governed by section 64 of the Bankruptcy Act (11 U.S.C.A. § 104). The word "shall" used in subdivision (k) (5) leaves this interpretation free from substantial doubt.

In re Manhattan Music Hall (D.C.) 14 F. Supp. 48; Gilbert's Collier on Bankruptcy (4th Ed.) p. 1536.

■ Under section 64 of the general Bankruptcy Act, attorneys for petitioning creditors, in involuntary cases, are entitled to reasonable allowance out of the estate for the actual and necessary legal work rendered in procuring the adjudication (Remington § 2702); and in such cases, attorneys for the bankrupt are entitled to reasonable allowance for the actual and necessary professional services rendered to the bankrupt in aiding him to perform the duties imposed by the act, such as preparing schedules of his property, list of his creditors and other duties which in their nature justify and require the aid of an attorney (Remington § 2712).

■ Under the theory that, upon the failure to accomplish reorganization, this case was, in effect, converted into an involuntary proceeding, it would appear that Judge Herold is entitled to a reasonable allowance for the services rendered in entering the motion for the adjudication of insolvency, interviewing and procuring witnesses on the point, attending the hearing and prosecuting the proceeding for adjudication to a successful conclusion over the opposition of the debtor. Likewise, treating the proceeding as an involuntary one, in respect to Benton, Benton, Smith & Luedeke, attorneys for the bankrupt, they are entitled to an allowance for such professional services as they actually rendered in aiding the bankrupt to prepare his schedules of assets and liabilities, and to perform other statutory duties.

■ It seems clear, however, from the language employed in section 64 that Congress did not intend to authorize payment for all services which a bankrupt may request of his attorney. Only such as are reasonably necessary in aid of the performance of statutory duties are compensable at the expense of the estate. In re Rosenthal & Lehman (D.C.) 120 F. 848; In re Payne (D.C.) 151 F. 1018. Services rendered for the individual benefit of the bankrupt or in opposition to adjudication rather than in aid of the administration of the estate are not contemplated by the act. In re Mayer (D.C.) 101 F. 695.

■ Neither the good faith of the attorneys for the debtor nor the extent or quality of their services rendered in their efforts to accomplish reorganization under

section 77B can be questioned in this case. While it may seem a great hardship that such untiring efforts, as were made in this case in endeavoring to accomplish reorganization, must go unrecompensed, the fact remains that the power and authority to make allowances therefor cannot be found in the Bankruptcy Act.

Attorneys, representing debtors in financial difficulties who contemplate bankruptcy, have ample opportunity, in advance, to give careful consideration to all the facts and circumstances reflecting upon the question of probable success in a proceeding for reorganization under section 77B of the Bankruptcy Act. Hence, it was the obvious intention of Congress to make their compensation in such cases contingent upon successful results. Otherwise useless and unjustifiable efforts at reorganization would be invited and encouraged, resulting in the imposition of unwarranted and unjust burdens upon creditors of insolvent estates.

Viewing the services actually and necessarily rendered to the bankrupt by attorneys Benton, Benton, Smith & Luedeke, and the services rendered for the benefit of the general estate by Judge Herold as attorney for the creditors, in the light of these observations and the limitations imposed by the general provisions of the Bankruptcy Act, the allowances made by the referee in respect to these services are adequate.

In behalf of Horace C. Drake's claim for additional compensation, it is argued that in the conduct of the business of the estate, he disbursed a total of $121,000, and upon that basis his commissions under section 48 of the Bankruptcy Act (11 U.S.C.A. § 76), would exceed the amount he asks. If Mr. Drake bases his claim for additional compensation upon commission on moneys disbursed, he has failed to comply with General Order No. 42 (11 U.S.C.A. following section 53) making it his duty to set forth a full and detailed statement. It is true that through the authorized use of trustee's certificates he borrowed funds for the conduct of the business and disbursed them for operating expenses, such as purchases of supplies, wages, and other expenses incident to the operations. But it is not claimed that Mr. Drake, as trustee, distributed to creditors of the bankrupt or other persons any money derived from the original assets or from profits accrued from business operations conducted by him. Upon his resignation as trustee, he merely turned over to his successor the original assets of the estate, in kind. It is not shown that any profits had accrued from his conduct of the business. The rule seems to be that under such circumstances the trustee is not entitled to compensation based upon commissions under section 48 computed upon the volume of money handled in conducting or operating the business enterprise of the bankrupt. Remington, §§ 2750, 2756; In re New York Commercial Company (C.C.A.) 231 F. 445.

Furthermore, the trustee has no absolute right, in any event, to full commissions. The statute merely prescribes a maximum and within that limit the allowance is to be adjusted to the services performed, consistent with economical administration and in the light of the results accomplished. Remington, § 2754.

As to the allowances made to Benton, Benton, Smith & Luedeke, and James M. De Camp for services as attorneys for trustee, I find no ground to disagree with the conclusions reached by the referee. It is doubtful whether the petitions filed with the referee by these attorneys are in full compliance with General Order No. 42. See In re National Accessories (D.C.) 13 F.Supp. 278, 281, in which it is said: "It will not do to state in a general way services performed, and then ask a bulk allowance." Nevertheless, the opinion filed by the referee evidences careful consideration of the nature and extent of the services rendered. He correctly points out that the services to the trustees involved little more than merely routine matters, presenting no intricate legal problems and calling for no extraordinary professional efforts.

In Remington, § 3669, p. 48, it is said: "Thus, in discretionary matters, such as allowances of attorney's fees, the referee's discretion will not be disturbed in the absence of clear mistake of fact or law." In re American Range & Foundry Co. (D.C.) 41 F.(2d) 845.

After careful consideration of each of the petitions for review and the briefs filed in support of them, I am of the opinion that the relief sought by each of them should be denied and the action of the referee in respect to the questioned allowances should be approved and confirmed.

Let a decree be entered in accordance herewith.