## In re GEISER MFG. CO.
### No. 9353.

District Court, M. D. Pennsylvania.
May 27, 1938.

See, also, D.C., 18 F.Supp. 506.

H. Blair Minick, of Waynesboro, Pa., for Mark H. Landis and Debtor Corporation.

N. F. Keller, of Waynesboro, Pa., Edwin D. Strite, of Chambersburg, Pa., and J. D. Benedict, of Waynesboro, Pa., for objecting creditors.

John R. Lashley, Jr., of Waynesboro, Pa., for trustee.

JOHNSON, District Judge.

The questions here presented arise on four petitions for fees and expenses which were filed in connection with an unsuccessful attempt to reorganize the debtor corporation under Section 77B, Bankr.Act, 11 U.S.C.A. § 207. These petitions raise distinct questions and will be considered separately.

*Petition of John R. Lashley, Surviving Trustee.*

John R. Lashley, Esquire, Surviving Trustee, petitions for the allowance of $4,-

000.00, for services as sole Trustee of the debtor corporation from April 8, 1937, to December 31, 1937.

 ·The attempted reorganization under Section 77B failed, and the court on November 24, 1937, ordered liquidation of the assets of the debtor and appointed Walter H. Compton, Esquire, Liquidating Trustee. On December 31, 1937, the petitioner closed his books as Trustee and the Liquidating Trustee took possession of the assets and property of the debtor.

The provisions of subdivision (k) of Section 77B, 11 U.S.C.A. § 207(k), therefore, apply. Under that subdivision, the compensation of the petitioner must be limited to the amounts specified under Section 48 of the Bankruptcy Act, 11 U.S.C.A. § 76. Callaghan v. Reconstruction Finance Corp. 297 U.S. 464, 56 S.Ct. 519, 80 L.Ed. 804; Miners Savings Bank of Pittston, Pa., v. P. F. Joyce et al., 97 F.2d 973, Circuit Court of Appeals, Third Circuit, opinion filed April 14, 1938.

 Until the property which the petitioner turned over to the Liquidating Trustee in kind is liquidated, it is impossible to determine the compensation to which petitioner is entitled under Section 48.

Therefore, the petition must be dismissed with leave to file another petition for fees based on Section 48.

### Petition of Attorneys for Creditors.

Edwin D. Strite, Esquire, N. F. Keller, Esquire, and John D. Benedict, Esquire, attorneys for certain creditors of the debtor corporation, petition for fees in the amount of $2,500.00, for services rendered in opposing the reorganization on behalf of their clients.

It appears from their petition that creditors in the amount of $213,183.99 were represented by petitioners out of a total of $552,498.80 in creditor's claims.

 The efforts of petitioners on behalf of their clients were successful, as the attempted reorganization failed. To justify an award of compensation to the petitioners under Section 77B(c)(9), 11 U.S.C.A. § 207(c)(9), however, the services rendered must have been beneficial to the estate in reorganization and in aid of administration of the reorganization. In re Paramount Publix Corp., 2 Cir., 83 F.2d 406.

 Successfully obtaining the rejection of the proposed reorganization is not the kind of benefit to the estate or aid in administration contemplated under Section 77B(c)(9). In re Manhattan Music Hall, D.C., 14 F.Supp. 48; In re Nine North Church Street, Inc., 2 Cir., 89 F.2d 13.

Petitioners must, therefore, look to their own clients for any compensation to which they may be entitled.

### Petition of Attorney for Debtor.

H. Blair Minick, Esquire, petitions for the allowance of a fee of $2,500.00, for his services as attorney for the debtor corporation.

 Services rendered by the attorney for the debtor in endeavoring to accomplish a reorganization under Section 77B cannot be compensated at the expense of the Bankrupt's estate where the reorganization proceedings are converted into involuntary bankruptcy proceedings because of a failure to accomplish the reorganization. In such case, the attorney for the debtor is only entitled to an allowance for services reasonably necessary and rendered in aiding the bankrupt to prepare his schedules of assets and liabilities and to perform the other statutory duties. In re Higgin Manufacturing Company, D.C., 19 F.Supp. 120.

In the case at bar, the fee already paid to the attorney for the debtor appears to be adequate compensation for these services.

### Petition of the President of the Debtor Corporation.

 M. H. Landis, President of the debtor corporation, petitions for the allowance of expenses and of compensation for services rendered in endeavoring to accomplish the reorganization.

The services of the petitioner and the expenses incurred were not beneficial to the estate in reorganization or in aid of administration within the meaning of Section 77B(c)(9); In re Paramount Publix Corp., supra, and there is no authority under the Bankruptcy Act for requiring the estate to bear these expenses.

Therefore the petition must be dismissed.