## GUERIN v. WEIL, GOTSHAL & MANGES.
### No. 217, Docket 22629.

United States Court of Appeals
Second Circuit.

Argued April 13, 1953.

Decided June 2, 1953.

---

1. Burr v. Burr, 7 Hill 207, 211; Forrest v. Forrest, 25 N.Y. 501, 515, 516.

Emil Weitzner, New York City (Joseph Levine, New York City, of counsel), for appellant.

Weil, Gotshal & Manges, New York City (Edward C. Wallace and Ira M. Millstein, New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On January 20, 1948, an involuntary petition in bankruptcy was filed by certain creditors against Tailored Robes, Inc., in the United States District Court for the Southern District of New York. The bankrupt's answer denied insolvency and the commission of the act of bankruptcy alleged. The appellees, attorneys for the petitioning creditors, employed accountants to examine the bankrupt's books in order that they could assist in the conduct of examinations under Section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, and give expert testimony at the trial. Appraisers were also utilized to give expert testimony. Adjudication of bankruptcy followed on September 18, 1950. On July 3, 1951, the appellees filed a petition for an allowance to them for their services, Bankruptcy Act § 64, sub. a(1), § 62, sub. d, 11 U.S.C. §§ 104, sub. a(1), 102, sub.d, and for disbursements, including the sum of $6,921.25 here in question for the services of the accountants and appraisers. Following a hearing on the objections filed by two general creditors, the referee on January 30, 1952, allowed the appellees a fee of $11,000 for their services as attorneys for the petitioning creditors, but held that a court of bankruptcy had no power to grant the allowances for the services of

the accountants and appraisers. The appellees opposed confirmation of this report. However, on May 9, 1952, the District Court held that a court of bankruptcy could properly grant the allowances in the exercise of its equity power and by an order dated May 22 remanded the report for reconsideration in a manner not inconsistent with the court's opinion. On July 9, the referee recommended the allowance of $6,921.25 for the accountants and appraisers. The District Court confirmed the report on July 24, and on July 31, ordered this amount to be paid by the trustee in bankruptcy to the appellees. The trustee has appealed.

 Reimbursement for expenditures by a petitioning creditor for accountants and appraisers is not specifically allowed by any provision of the Bankruptcy Act. Reliance is placed on General Order 34, 11 U.S.C.A. following section 53 (see also § 2, sub. a(18) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(18), permitting the recovery by a petitioning creditor of "the same costs that are allowed to a party recovering in a civil action cognizable as a case in equity", which are defined in 28 U.S.C. §§ 1920, 1923. Since the type of disbursements here in question is not expressly mentioned in § 1920 or § 1923, the only authority for allowance is the equity practice of allowing costs "as between solicitor and client" (*i.e.,* the full expenses of a litigation), in certain cases, as where a fund in which others will share has been produced by these expenses, Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; 107 A.L.R. 749; 49 A.L.R. 1149; see also, 9 A.L.R.2d 1132; or where rights have been established in favor of others through the principle of *stare decisis,* Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. Such an allowance is "appropriate only in exceptional cases and for dominating reasons of justice", 307 U.S. at page 167, 59 S.Ct. at page 780. And we do not think that securing an adjudication in bankruptcy is sufficiently analogous to these cases to warrant an extension of that principle.

 Moreover, the Bankruptcy Act contains specific provisions governing the allowance of fees and expenses out of the estate and gives them priority. § 64, sub. a, 11 U.S.C.A. § 104, sub. a. The principle of the Greenough case, supra, is confined by the Act to the recovery of "reasonable costs and expenses" where "the property of the bankrupt, transferred or concealed by him * * * shall have been recovered for the benefit of the estate * * * by the efforts and at the cost and expense of one or more creditors." See, *e.g.,* In re Medina Quarry Co., 2 Cir., 191 F. 815. Also given a first priority are "the costs and expenses of administration" including the trustee's expenses in opposing a discharge, the ordinary fees of witnesses, and "one reasonable attorney's fee for the professional services actually rendered * * * to the petitioning creditors in involuntary cases and to the bankrupt in voluntary and involuntary cases," see 3 Collier, Bankruptcy 1551-4 (14th ed.). This Court has stated: "It is well settled that the bankruptcy court lacks power to grant, and the policy of the Act is against, compensation not expressly provided for by the Act." Lane v. Haytian Corp., 2 Cir., 117 F.2d 216, 219, certiorari denied 313 U.S. 580, 761 S.Ct. 1101, 85 L.Ed. 1537. Although it has been broadly stated that a bankruptcy court is a court of equity, Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594, 89 L.Ed. 890, the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act, see Berry v. Root, 5 Cir., 148 F.2d 945, 946, certiorari denied 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453. Where Congress intended that allowances should be made it has carefully enumerated them, and any omissions must be construed as express exclusions, 3 Collier, Bankruptcy 1534-7 (14th ed.).

It is argued that to disallow these expenses is to interfere with the scheme of equal distribution provided by the Bankruptcy Act, since the petitioning creditors are not treated on a basis of equality unless they are reimbursed for the necessary and reasonable expenses of initiating proceedings thereunder. But the depletion of the estates of bankrupts by numerous and excessive expenses was one of the reasons for the amendment of the Bankruptcy Act

of 1867, 1 Collier, Bankruptcy 9 (14th ed.), and in view of the emphasis placed on economical administration, see, *e.g.,* In re Consolidated Distributors, Inc., 2 Cir., 298 F. 859, 862, we are constrained to hold that the costs here in question may not be allowed in the absence of some express Congressional authorization. Cf. In re First Bond & Mortgage Co., 5 Cir., 74 F.2d 930.

A further ground relied on by the District Court was that the grant of discretion in General Order 43 [1] to deny expenses to the attorney for the petitioning creditors would imply a power to grant them. But we do not think this General Order should be read to authorize the payment of expenses not specifically provided for by the Bankruptcy Act, for if so extended the court would apparently be empowered to allow any expenditures it thought reasonable, and the statutory limitations we have referred to would be vitiated.

Reversed.

---

[1]. This order, 11 U.S.C.A. following section 53 permits a court to "deny the allowance of any fee to the attorney for petitioning creditors or the reimbursement of his expenses, or both, if it shall appear that the proceedings were instituted in collusion with the bankrupt or were not instituted in good faith."