Richard SHONGUT, Jacob Shongut, Inc. and Mitchell Mogal, Appellants,

v.

Jules GOLDEN, Trustee-Respondent.

No. 233, Docket 25357.

United States Court of Appeals
Second Circuit.

Argued April 9, 1959.

Decided Sept. 9, 1959.

Abraham J. Goldberg, New York City, for Richard Shongut and Jacob Shongut, Inc., appellants.

Solomon Nachbar, New York City, for Mitchell Mogal, appellant.

George Pollack, New York City (Milton M. Eisenberg, Brooklyn, N. Y., on the brief), for trustee-respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

The only question raised by this appeal is whether the referee in bankruptcy, whose order was confirmed without opinion by the court below, was correct in denying petitions for allowances for costs and expenses filed by three creditors under Section 64, sub. a (3) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(3). The facts are not in dispute and may be briefly stated.

On December 14, 1955, 116th Street Pawnbrokers, Inc., filed a petition for an arrangement under Chapter XI, Section 322, of the Bankruptcy Act, 11 U.S.C.A. § 722. On May 8, 1956, the referee held a hearing on the third amended plan, which was approved by a majority of creditors. Three creditors, the appellants here, opposed the plan; they were given two weeks to file specifications of objections to confirmation of the plan and the date for hearing of their objections was set for May 31, 1956. At the hearing, the debtor sought to withdraw the plan, but leave so to do was refused by the referee. The debtor then pointed out that the deposit required under Section 337(2) of the Act, 11 U.S.C.A. § 737(2), had not been made, and that an application to confirm the arrangement had not been filed within the time fixed by the court pursuant to Section 337(3), 11 U.S.C.A. § 737(3). Although the appellants were ready with their evidence in opposition to a confirmation, the referee refused to hear them and, without taking any evidence, for lack of the required deposit and application for confirmation declared the debtor bankrupt pursuant to

Section 376 of the Act, 11 U.S.C.A. § 776. Thereafter these appellants, under Section 64, sub. a(3) of the Act, 11 U.S.C.A. § 104,[1] made applications for allowances from the estate to cover fees and expenses of counsel who had been retained by them to oppose the confirmation of the plan and who had spent much time in the preparation of their opposition. On April 3, 1958, the referee dismissed these applications. The District Court affirmed the orders and these appeals followed.

■ In considering the appellants' contentions, we shall have in mind the general principles governing allowances to creditors for costs and expenses and in particular the principle that "the paramount postulate of economy pervading the law on bankruptcy liquidation requires that an omission by the legislator to provide for costs and expenses to creditors in a particular situation be construed as a purposed exclusion, not as a gap to be bridged by judicial legislation." 3 Collier on Bankruptcy, ¶ 62.21. See also Saper v. John Viviane & Son, Inc., 2 Cir., 258 F.2d 826; In re Friedman, 2 Cir., 232 F.2d 151, certiorari denied sub nom. Klein v. Brandt & Brandt Printers, Inc., 352 U.S. 835, 77 S.Ct. 53, 1 L.Ed.2d 54.

■ It is abundantly clear from the provisions of Section 64, sub. a(3), in so far as presently pertinent, that the costs and expenses of creditors in connection with a confirmation of arrangement may be allowed only "where the confirmation * * * has been refused * * * upon the objection and through the efforts" of creditors such as these appellants. Under Section 362 of the Act, 11 U.S.C.A. § 762, the deposit required under Section 337(2) and a timely application for confirmation subsequent to the required acceptance of the plan, are conditions to confirmation. 8

Collier on Bankruptcy, ¶¶ 9.15, 9.16. In this case there had been no application for confirmation, no deposit, and the referee made no order either confirming or denying confirmation. With the proceedings in such posture, it is not permissible to argue that the confirmation was "refused" because of lack of application and deposit. For throughout the Act reference to a *refusal* of confirmation imports a refusal based on lack of merit in the plan in contradistinction from lack of the fulfillment of the several stated procedural conditions to confirmation. This is especially apparent in the provision of Section 376 which specifies that a refusal of confirmation is an independent ground for an order of adjudication in addition to the non-fulfillment of the stated conditions to the granting of a confirmation. The insistence of the appellants that "before the Referee could decide whether he would dismiss * * * or adjudicate * * * he was required to determine whether the specifications warranted a 'refusal' to confirm, or a confirmation" is plainly fallacious: it is in direct contravention to Section 376. It may be noted that under Chapter X, Section 236 of the Act, 11 U.S.C.A. § 636, the concept of a *refusal* of confirmation is similarly limited.

The appellants argue that since a debtor, whose plan has been accepted, cannot withdraw his plan—cf. In re Bryer, 2 Cir., 281 F. 812—he should not be allowed to "effectively thwart the opposition of a diligent creditor who opposes a confirmation of a plan by stating that he cannot make the deposit." It is hard for us to see how a debtor by failing to fulfill a condition to confirmation can be considered to have thwarted opposition to confirmation. If anything, it would seem to us that he had cooperated with opposition to confirmation by making confirmation legally impossible.

---

1. Bankruptcy Act, Section 64, sub. a(3), 11 U.S.C.A. § 104, sub. a(3), allows, as a debt having third priority:
   "where the confirmation of an arrangement * * * has been refused, revoked, or set aside upon the objection and through the efforts and at the cost and expense of one or more creditors * * * the reasonable costs and expenses of such creditors in obtaining such refusal, revocation, or setting aside * * *."

Rather than having "thwarted" opposition he has obviated need for opposition.

The appellants further urge that it will defeat the policy of the Act if a debtor is allowed to wait until specifications of objections are filed and then, if he finds that the objections have merit, decide to withhold the required deposit. For under such a procedure, appellants say, "the objecting creditor who has incurred expense in investigation and preparation would thus be at the mercy of the debtor. No creditor under such circumstances would risk incurring expenses of investigation." This argument overlooks the fact that under Section 337 of the Act it is for the referee to fix the time and place where the deposit shall be made, and a prudent creditor does not have to begin preparation of his objections to confirmation until the deposit has been actually made. Instead, he may press for compliance with the deposit provisions of Section 337. If then compliance is not forthcoming, time-consuming preparation will be unnecessary, for adjudication or dismissal will summarily follow. If, however, the deposit is made, it will be time enough then for the creditor to proceed with his preparations.

It is true that the situation below seems to have been anomalous in that the referee set a date for a hearing on a confirmation of the plan before an application for confirmation had been made. We assume this was done on the chance that the proceedings might thereby be expedited. But in this respect also, a creditor intending to incur expense in preparation of opposition could have pressed the referee to set a limit on the time within which the debtor might apply for confirmation and to set the hearing at a reasonable time thereafter in order to permit suitable preparation for the hearing. Not having taken such action, these appellants are in no position to claim prejudice from the anomalous procedure. And certainly, the intrusion of an occasional anomaly into the proceedings is not sufficient ground for overriding the limitation of Section 64, sub. a(3) on allowances to creditors.

Since therefore there has been in this case no refusal of a confirmation, we hold the denial of the allowances sought by these appellants was plainly required under Section 64 of the Act. And we think that in the situation which underlies this appeal the denial of allowances to these appellants who incurred expense to oppose a confirmation before confirmation had been sought, operated not at all to defeat the objectives or the spirit of the Act.

Affirmed.