**In the Matter of HUGHES STEEL EREC-TION CO., Inc., Debtor and Bankrupt.**
**No. 26676.**

United States District Court
E. D. Pennsylvania.
Jan. 7, 1964.

Wm. P. Thorn, Philadelphia, Pa., for debtor and bankrupt.

Harold J. Conner, Samuel Marx, Philadelphia, Pa., for trustee.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., for United States.

KRAFT, District Judge.

Before the Court is the petition of William P. Thorn, Esq., for review of the referee's order of allowance of fees to petitioner as counsel for the debtor under the. Chapter XI proceedings, and counsel for the bankrupt in the subsequent bankruptcy proceedings.

The threshold question involves the timeliness of the petition for review.[1] Since the present proceeding involves an administrative matter relating to fees, it may well be that we have the power of review even in the absence of a formal petition. In re F. P. Newport Corporation, 137 F.Supp. 58, 60 (S.D.Calif.1955). However, we think, in the circumstances, that the petition was timely, and prefer to dispose of the issue on that ground.

Pursuant to notice, the final meeting of creditors in this matter was held before Referee Curtin on April 8, 1963. In the course of this meeting, the referee called for consideration of petitioner's separate petitions for compensation and reimbursement of costs. After some discussion, for the most part between the referee and petitioner, the referee entered oral orders making separate allowances of compensation and reimbursement in sums not here material, but deemed inadequate by petitioner.

Ten days later, on April 18, 1963, Mr. Thorn filed his petition for review with the referee.

---

1. Section 39, sub. c of the Bankruptcy Act, as amended, 11 U.S.C. § 67, sub. c, provides:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final."

On April 25, 1963, the referee filed a written opinion, findings of fact, and conclusions of law sur Mr. Thorn's petitions for allowance. The referee entered a written order for separate allowances in amounts identical with those made orally on April 8, 1963. The referee's written findings and discussion contained nothing of substance in addition to the matters already considered.

Mr. Thorn filed no additional petition for review of the referee's written order of April 25, 1963. It is now contended that this omission is fatal, that the referee's order is final, and that petitioner is foreclosed from review by this Court.

We disagree. Sec. 39, sub. c of the Bankruptcy Act provides for review of an "order of a referee". Petitioner was justified in believing that the referee's oral order of April 8 was such an order. The proceedings of that day were taken stenographically and subsequently transcribed. The referee did not indicate an intention that his oral order, stenographically taken for transcription, was not dispositive of petitioner's claims; nor did he indicate an intention to supplant or confirm his oral order by a later writing. On two occasions during the proceedings, the referee stated to petitioner "You have an automatic exception". We can conceive no purpose in these statements, if not for the purpose of review. If petitioner had *not* filed his petition for review within ten days of the referee's oral order, but had awaited a written order, which might not have been forthcoming, he would then have been met by the contention that his omission was fatal to review. It is neither the purpose nor the policy of the law to impale the unwary on the horns of a dilemma. Moreover, as we have stated, there was nothing materially new or different in the referee's written findings, which were essentially only confirmation of his earlier decision. To hold that petitioner, under such circumstances, was obliged to refile his earlier petition or to file its facsimile would impose on petitioner a duty to perform a vain or useless act, a view repugnant to the law.

We conclude, therefore, that the petition for review of the referee's order was timely.

On the merits of the case, it is our view that justice would be served by ordering the case down for the taking of testimony before the Court. See, In re Leech, 171 F. 622, 625 (6th Cir. 1909).