In the Matter of **HUGHES STEEL EREC- TION CO., Inc., Debtor and Bankrupt.**

No. 26676.

United States District Court E. D. Pennsylvania.

June 29, 1964.

Wm. P. Thorn, Philadelphia, Pa., for debtor and bankrupt.

Harold J. Conner, Samuel Marx, Philadelphia, Pa., for Trustee.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., for United States.

KRAFT, District Judge.

Before us now, after hearings,[1] is the petition of William P. Thorn, Esq. for review of orders of the Referee allowing counsel fees to petitioner in sums substantially less than prayed for and alleged to be substantially less than was reasonable and proper.

In the Chapter XI proceedings, in which petitioner was debtor's counsel, the Referee allowed a fee of $300 upon a petition for $3,500. In the later bankruptcy proceedings, in which petitioner was the bankrupt's counsel, the Referee allowed a fee of $200 upon a petition for $700.

The review is opposed by the United States to which was awarded, upon its tax claims, the balance of the fund after payment of administration expenses and wage claims.

While ordinarily we accept the judgment of the Referee, the record before him in the instant matter scarcely serves as a model for a resolution of controversies. On the petition for $3,500 the Referee, somewhat impetuously we think, forthwith expressed the thought that it "is so out of proportion * * *"[2] and then inquired if there was any objection. Upon entry of the objection by the United States, responsive to his inquiry, and without hearing from petitioner, the Referee immediately expressed his thought

that the request was "outrageous" and stated that he "was going to allow $300 in that capacity" (Chapter XI proceeding) and "as attorney for the debtor" in the bankruptcy he "was going to allow the sum of $200" and granted the unheard petitioner an "automatic exception". When petitioner expressed a request to be heard, he made a lengthy statement which the Referee followed with a lengthy statement of his own, concluding with an invitation to the petitioner to offer his petition in evidence. This the petitioner did, without objection.

Under these circumstances the record before the Referee fails, unfortunately, to disclose upon what factual bases the respective awards of $300 and $200 were made. Except for the introduction into evidence of the petition and its attached summary of services, by invitation of the Referee and without objection, no evidence was heard for or against either petition for counsel fee.

In the Referee's later written opinion[3], the Referee stated he allowed petitioner to put in evidence in each instance the summary of services performed. The Referee then stated that he was "totally unable to reconcile it", the Chapter XI summary, "with his recollection of the entire case". The record does not disclose what was the Referee's recollection and so we do not know with what evidence or facts the Referee attempted to reconcile petitioner's summary, which was apparently admitted as an unchallenged statement of petitioner's services.

Later, in his opinion, the Referee stated "the petitioner has not shown the cooperation in the handling of this estate which is usually found in the prompt and orderly liquidation of similar estates". Again, the record is barren as to what was the asserted want of cooperation and as to what is the "usual" standard of cooperation; nor have we any indication of the extent to which this conclusion of the Referee entered into his decision.

---

1. See opinion and order filed herein February 7, 1964, D.C., 225 F.Supp. 66.

2. Document 14, page 35.

3. Document 14, page 18.

On the other hand, petitioner attributes this conclusion to the Referee's dissatisfaction with the dismissal by this court as "a tempest in a teapot" of the Referee's citation for contempt of the debtor's President, Travis.

The Referee also opined "that the so-called arrangement under Chapter XI was not a bona fide one", because the debtor filed a consent to adjudication as a bankrupt 15 days after filing this petition for arrangement. Petitioner contends, to the contrary, that the time interval was no fair criterion of the bona fides under the circumstances, and that the intervention of the City of Philadelphia, because of alleged involvement in graft of some of its employees, and the indictment of Travis, with attendant wide notoriety, rendered the Chapter XI hopeless and the bankruptcy inevitable.

In its brief before us the Government stresses the Referee's disallowance in the Chapter XI proceeding of a claim for $275 fee by counsel for the receiver and the want of any appeal therefrom. Disregarding the utter irrelevance of this fact, we may note, in passing, that this disallowance was simultaneous with the allowance in full, over the Government's objection of claims for counsel fees of $2,000 and $650 by counsel for the receiver in bankruptcy and the trustee in bankruptcy, respectively, one of whom was the attorney whose claim for $275 was disallowed. Perhaps the allowance of the greater may have tempered any dissatisfaction stemming from the disallowance of the lesser.

From the evidence adduced before us we find the following

## FACTS

1. The attempted reorganization of the debtor was not successful.

2. Between April 4, 1961, when proceedings under Chapter XI became a practically and definitely determined course of action, and May 3, 1961, when petitioner's services in the Chapter XI proceeding ceased, petitioner, as attorney for the debtor, rendered 43 hours of professional services which were reasonably necessary and were rendered in aiding the debtor to prepare its schedules of assets and liabilities and to perform other statutory duties.

3. The fair and reasonable value of the services so rendered by petitioner in the Chapter XI proceeding, which were compensable, is $1,250.

4. The professional services rendered the debtor by petitioner in the Chapter XI proceeding in excess of 43 hours in endeavoring to accomplish a reorganization were services from which the estate derived no benefit and services which were not reasonably necessary and rendered in aiding debtor to prepare its schedules of assets and liabilities and to perform its other statutory duties.

5. Between May 4, 1961 and April 8, 1963, petitioner, as attorney for the bankrupt, rendered 20 hours of professional services which were for the benefit of the bankrupt estate.

6. The fair and reasonable value of the services so rendered by petitioner in the bankruptcy proceeding, which are compensable, is $500.

7. The professional services rendered by petitioner between May 4, 1961 and April 8, 1963 in excess of the aforesaid 20 hours were not for the benefit of the bankrupt estate.

Considering all the factors which bear upon the propriety and reasonableness of counsel fee for the debtor's counsel in the Chapter XI proceeding and in the bankruptcy proceeding, including but not limited to the size of the estate, we reach the following

## CONCLUSIONS OF LAW

1. The order of the Referee fixing petitioner's counsel fee in the Chapter XI proceeding should be modified by increasing the amount of the fee therein from $300 to $1,250.

2. The order of the Referee fixing petitioner's counsel fee in the bankruptcy proceeding should be modified by increasing the amount of the fee therein from $200 to $500.