### In the Matter of the TARIFFVILLE MANUFACTURING COMPANY.
### Bankruptcy No. H–4593.

United States District Court
D. Connecticut.

Nov. 19, 1965.

Paul W. Orth, Robert Ferguson, Jr., Hoppin, Carey & Powell, Hartford, Conn., petitioners, and for bankrupt.

Howard I. Gross, Hartford, Conn., for creditors' committee.

A. Albrecht, Albrecht & Richman, William J. Burke, Stoner, Burke & Wise, Hartford, Conn., for trustee.

BLUMENFELD, District Judge.

The question raised by this petition for review is whether the attorney for the debtor-in-possession was entitled to compensation from the estate for services rendered in preparing a proposed plan of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799, which fell through and precipitated adjudication because the debtor-in-possession was unable to advance the fund for the requisite deposit. The Referee in Bankruptcy denied the petition for such an allowance. His order is affirmed and the petition for review is denied.

These proceedings originated as a petition for relief under Chapter XI by a debtor proposing an arrangement under Section 321 of the Bankruptcy Act, 11 U.S.C. § 721. The debtor was represented by the petitioners in this action. After the petition was filed, orders signed by the Referee authorized the debtor, as debtor-in-possession, to con-

tinue to operate its business, and to employ the petitioners under general retainer as attorneys. Thereafter, the petitioners rendered various professional services, a large part of which concerned negotiations with a creditors' committee and other work looking towards the consummation of a plan of arrangement. Such a plan was eventually worked out, proposed, and on July 1, 1964, accepted by a majority in number and amount of unsecured creditors. On July 14, 1964, at a hearing to confirm the plan, it appeared that the debtor was unable to furnish the deposit required by Chapter XI, 11 U.S.C. § 737(2), and that no other acceptable plan could be proposed. The debtor was consequently adjudicated a bankrupt and a Trustee appointed. The bankrupt estate now awaits distribution.

The petitioners filed two itemized applications for fees: (1) for services in the amount of $400.00 which were rendered to the debtor immediately prior to the filing of the arrangement petition; and (2) for services (a) in the amount of $2,500.00 which were rendered to the debtor-in-possession; and (b) in the amount of $100.00 for services rendered to the Trustee and/or the bankrupt estate after the adjudication. The Referee in an order dated July 8, 1965, awarded the full amount requested in the first application, $400.00, for services rendered as attorneys for the debtor; and, in addition, $750.00 for services rendered as attorneys for the debtor-in-possession. The latter award was for twenty to twenty-five hours of time spent rendering services not connected with the consummation of a plan of arrangement; but this award excluded any allowance for efforts (of approximately thirty-eight to forty-three hours of time) expended in hammering out the aborted plan of arrangement. There is no issue as to the reasonable value of the services rendered, but only as to whether any fees at all should be allowed for the excluded services.

■ Since no express provision is made in the Bankruptcy Act for payment of compensation to the debtor-in-possession's counsel for efforts expended in proposing an arrangement which is not confirmed, any allowance therefor is precluded. See In re Hughes Steel Erection Co., 231 F.Supp. 328 (E.D.Pa.1964).[1] But see In re Knickerbocker Leather & Novelty Co., 158 F.Supp. 236 (S.D.N.Y. 1958), aff'd sub nom. Harr v. Oseland, 265 F.2d 218 (2d Cir. 1959).

■■ The governing rule is stated in Guerin v. Weil, Gotshal & Manges, 205 F.2d 302, 304 (2d Cir. 1953):

" 'It is well settled that the bankruptcy court lacks power to grant, and the policy of the Act is against, compensation not expressly provided for by the Act.' Lane v. Haytian Corp., 2 Cir., 117 F.2d 216, 219, certiorari denied 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537. Although it has been broadly stated that a bankruptcy court is a court of equity, Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594, 89 L.Ed. 890, the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act, see Berry v. Root, 5 Cir., 148 F.2d 945, 946, certiorari denied 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453. Where Congress intended that allowances should be made it has carefully enumerated them, and any omissions must be construed as express exclusions, 3 Collier, Bankruptcy 1534–7 (14th ed.)."

These "well settled" principles have been consistently adhered to to deny compensation in several situations. Saper v. John Viviane & Son, Inc., 258 F.2d 826 (2d Cir. 1958); In re Friedman, 232 F.2d 151 (2d Cir.), cert. denied sub nom. Klein v. Brandt & Brandt Printers, Inc., 352 U.S. 835, 77 S.Ct. 53, 1 L.Ed.2d 54 (1956); Shongut v. Golden, 270 F.2d 238 (2d Cir. 1959).

That the omission of a provision for an allowance to counsel for efforts which

1. Although no opinion on this point is expressly stated in the text of the decision, examination of the facts and conclusions of law clearly supports the proposition for which it is cited here.

do not result in a confirmed plan is "a purposed exclusion" is highlighted by other provisions in the Bankruptcy Act.

Despite the rule disallowing counsel fees in unsuccessful proceedings under the former bankruptcy provision § 77B, 11 U.S.C. § 207, In re Higgin Mfg. Co., 19 F.Supp. 120 (E.D.Ky.1937); In re Geiser Mfg. Co., 23 F.Supp. 482 (M.D.Pa. 1938), the Congress in enacting the Chandler Act in 1938 did not include any provision in Chapter XI for compensation such as found in Chapter X and in Chapter XII, both of which contain a general provision for the allowance of attorney's fees:

> "The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter—* * * by the attorney for the debtor." 11 U.S.C. § 891 [2]

Furthermore, when after more than ten years of experience under the new Chapter XI, § 337(2) of the act, 11 U.S.C. § 737(2), which deals with the deposit which a debtor in a Chapter XI proceeding must make to cover certain expenses, "including fees and expenses of attorneys," was amended,[3] that amendment provided specifically "[t]hat in fixing any such allowances the court shall give consideration *only to the services which contributed to the arrangement confirmed* or to the refusal of confirmation of an arrangement, or which were beneficial in the administration of the estate * * *." (Emphasis added). In this case, progress toward a confirmation under § 366, 11 U.S.C. § 766, was abruptly halted when it appeared that the debtor could not make the required deposit.

Finally, the petitioners have urged this court to find that they are entitled to an allowance for their services "on the basis of equitable principles and for sound policy reasons." This invitation to conduct a judicial exploration of such a wide and unbounded area must be declined, not only on account of the strictures in the rules applicable to the allowance of compensation under the Bankruptcy Act, but also because the penumbral area has already been thoroughly explored. Congress in enacting the above amendment explained:

> "The present bill represents the unanimous views of the conference on what might be called clarifying and perfecting changes deemed necessary. They have been carefully and painstakingly drafted and perfected, explored and tested against underlying policy and objectives, and all applicable law has been fully researched." H.R.Rep. No. 2320, 2 U.S.Code Cong. & Adm. News, p. 1961 (1952).

It might simply be noted in passing, however, that the assumption of the petitioners that compositions with creditors are so desirable to the commercial and social needs of the country that counsel should be paid even for abortive efforts to effect them has recently been refuted by Judge Gignoux's statement in In re Dole Co., 244 F.Supp. 751, 757 (1965), that " * * * the purpose of the restrictive provisions of Section 337(2) appears clearly to be to *discourage* the bar from undertaking Chapter XI cases which appear unpromising." Furthermore, the petitioners' argument that their efforts conferred "a benefit to the estate at the time they were rendered" must likewise be rejected. The services under consideration here did not result in the preservation or enlargement of the estate, and, therefore, did not confer a tangible benefit "on the estate to the advantage of the creditors as a whole." See Saper v. John Viviane & Son, Inc., supra, 258 F.2d at 828.

The order of the Referee is affirmed, and the petition for review is denied.

So ordered.

---

2. The language of 11 U.S.C. § 641 in Chapter X is identical except for the inclusion of "reimbursement for proper costs and expenses incurred by the petitioning creditors and * * *."

3. 11 U.S.C. § 737(2), as amended, 66 Stat. 432 (1952).