**ROBINSON, WOLAS & HAGEN,**
**Appellant,**

v.

**George GARDNER, Appellee.**

**No. 23694.**

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1970.

Gilbert Robinson (argued), of Robinson, Wolas & Hagen, Los Angeles, Cal., for appellant.

Charles J. Katz (argued), Los Angeles, Cal., for appellee.

Before BARNES, ELY, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellants, attorneys for a Chapter XI debtor, appeal from an order denying review of a referee's order refusing to allow them compensation for services rendered in an unsuccessful effort to secure an arrangement with creditors. We affirm.

Appellants, representing Raymond Development Industries, Inc. ("Debtor"), prepared and filed for the Debtor a voluntary petition for an arrangement pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–99. After a referee and a receiver had been appointed, appellants expended substantial time seeking to negotiate a plan of arrangement. The negotiations failed, and the Debtor was thereafter adjudicated a bankrupt.

Appellants filed an application for an award of $22,500 for services rendered to

the Debtor under Chapter XI proceedings and for a nominal sum to reimburse them for out-of-pocket expenses. The referee refused to award any compensation for work done in connection with the abortive attempt to secure an arrangement, holding that section 337 of the Bankruptcy Act, 11 U.S.C. § 737, as it then read,[1] gave him no authority to make such an award. Appellants' effort to overturn the referee's decision in the district court was unsuccessful, and this appeal followed.

■ It is conceded for the purpose of the appeal that appellants' services, incidental to their attempt to reach an acceptable arrangement, were of financial benefit to the Debtor's estate. Nevertheless, the bankruptcy court lacks power to award compensation for appellants' services unless the Bankruptcy Act expressly provides for such compensation. (Saper v. John Viviane & Son, Inc. (2d Cir. 1958) 258 F.2d 826; In re Friedman (2d Cir. 1956) 232 F.2d 151, cert. denied, *sub nom.* Klein v. Brandt & Brandt Printers, Inc. (1956) 352 U.S. 835, 77 S.Ct. 53, 1 L.Ed.2d 54; Guerin v. Weil, Gotshal & Manges (2d Cir. 1953) 205 F.2d 302.)

Although it has been broadly stated that a bankruptcy court is a court of equity, Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594, 89 L.Ed. 890, the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act, see Berry v. Root, 5 Cir., 148 F.2d 945, 946, certiorari denied 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453. Where Congress intended that allowances should be made it has carefully enumerated them, and any omissions must be construed as express exclusions, 3 Collier, Bankruptcy 1534-7 (14th ed.)." Guerin v. Weil, Gotshal & Manges, *supra*, 205 F.2d at 304.

■ Is there any statutory authorization for an allowance of appellants' fees?

We first direct our attention to section 337(2) of the Bankruptcy Act, 11 U.S.C. § 737, as it then read, and to the proviso of that section stating, in pertinent part, "that in fixing any such allowances the court shall give consideration only to the services which contributed to the arrangement confirmed or to the refusal of confirmation of an arrangement, or which were beneficial in the administration of the estate." Appellants' services did not contribute to a confirmed arrangement or to a refusal of confirma-

1. The relevant portions of this section read: "At such meeting, or at any adjournment thereof, the judge or referee shall, after the acceptance of the arrangement * * * (2) fix a time within which the debtor shall deposit, in such place as shall be designated by and subject to the order of the court, the consideration, if any, to be distributed to the creditors, the money necessary to pay all debts which have priority, unless such priority creditors shall have waived their claims or such deposit, or consented in writing to any provision of the arrangement for otherwise dealing with such claims, and the money necessary to pay the costs and expenses of the proceedings, and the actual and necessary expenses, including fees and expenses of attorneys, accountants and agents, in such amounts as the court may allow, incurred after its appointment by a committee appointed pursuant to section 338 of this Act, or incurred before or after the filing of the petition under this chapter by a committee designated in writings, filed

with the court and signed and acknowledged by a majority in amount of unsecured creditors whose claims have been scheduled otherwise than as contingent, unliquidated or disputed and who would not be disqualified by section 44 of this Act to participate in the appointment of a trustee: *Provided, however,* That in fixing any such allowances the court shall give consideration only to the services which contributed to the arrangement confirmed or to the refusal of confirmation of an arrangement, or which were beneficial in the administration of the estate, and the proper costs and expenses incidental thereto." Pub.L.No.85-732, § 6, 72 Stat. 821 (1958).

Chapter XI has since been amended to add § 339, 11 U.S.C. § 739, and change § 337. Section 339 contains much of what was formerly in § 337 with regard to attorneys' fees. Whenever § 337 is referred to throughout this opinion, the reference is to § 337 as it read at the time of the referee's decision, *i. e.,* prior to amendment.

tion. Section 337(2) does not confer authority to award fees because appellants' services "were beneficial in the administration of the estate." The third phrase of the proviso is not a grant of general authority to award compensation for services that benefited the estate. Rather, it is a limitation on the authority granted in the antecedent provisions of the statute allowing compensation and reimbursement for prescribed services and expenses. The concept that attorneys' fees payable out of the estate to a debtor's attorney must benefit the estate or the administration of the estate has long been a part of the fabric of the Bankruptcy Act (Saper v. John Viviane & Son, Inc., *supra*; 3A W.Collier, Bankruptcy (14th ed. 1969) ¶ 62.31, pp. 1597–99); the third phrase of the proviso is simply a restatement of that policy.

The proviso itself does not expand the antecedent text of the section which authorizes compensation for enumerated services "after the acceptance of the arrangement." Acceptance of an arrangement is not simply a statutory description of the time at which such compensation can be sought; it is also the event which must occur before the remaining provisions of the section can be invoked.[2] No authority for awarding compensation for appellants' services can be found in section 337(2), and there is no other provision in Chapter XI permitting allowance of their fees. (In re Tariffville Manufacturing Co. (D.Conn.1965) 253 F.Supp. 412; *see also* In re Dole Co. (D. Me.1965) 244 F.Supp. 751.)

We next turn to sections 62 and 302 of the Act, 11 U.S.C. §§ 102, 702. Section 62 contains general provisions defining procedure for determining and awarding attorney's fees and section 302 incorporates all provisions of Chapters I through VII, which contain section 62, "insofar as they are not inconsistent with or in conflict with the provisions" of Chapter XI. Appellants argue that these two sections, read together, established congressional intent to give the courts general authority to award compensation for work done in Chapter XI proceedings, regardless of the failure to reach an arrangement. Chief Judge Hastie of the Third Circuit appears to have agreed with them in his dissent in In re Hydrocarbon Chemicals, Inc. (3d Cir. 1969) 411 F.2d 203, 207–210. We cannot agree.

Unless the legislative history is quite clear, the courts must be reluctant to add to the statutory scheme of the Bankruptcy Act. Guerin v. Weil, Gotshal & Manges, *supra*. The history of Chapter XI, far from supporting appellants' contention, adds weight to the inference that the omission of compensation was intentional.

The rule that only successful debtors' attorneys could receive compensation for work done in Chapter XI proceedings is not new. It was first laid down with regard to the predecessor of the present sections in In re Higgin Manufacturing Company (E.D.Ky.1937) 19 F.Supp. 120 and reaffirmed in In re Geiser Manufacturing Company (M.D.Pa.1938) 23 F. Supp. 482. Yet, when Congress enacted the present provisions in 1938, no provision was made for compensating the unsuccessful Chapter XI attorney. This omission is all the more striking because Congress did include general compensation provisions in Chapters X and XII, 11 U.S.C. §§ 641, 891. The natural inference is that Congress intended compensation in Chapter XI proceedings to depend upon the contingency of successful negotiation.[3] It is not the function of this court to frustrate congressional policy.

The Order is affirmed.

---

2. We do not reach the question whether or not § 337(2) of the Bankruptcy Act, 11 U.S.C. § 737, authorized compensation for services contributing to an arrangement that was initially accepted, but not confirmed, or for services that contributed to the defeat of confirmation of an arrangement previously accepted.

3. It has been suggested that the purpose of this restrictive policy is "to *discourage* the bar from undertaking Chapter XI cases which appear unpromising." In re Dole Company, 244 F.Supp. 751, 757 (D.Me.1965). (Emphasis in original.)